

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRY T. SMITH, | No. 12-55551 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-03757-JFW-PLA |
| v. | |
| Robert A. McDonald,<sup>*</sup> Secretary of Veteran Affairs, | MEMORANDUM<sup>**</sup> |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted August 13, 2014<sup>***</sup>

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

   Terry T. Smith appeals pro se from the district court's summary judgment

dismissing his employment action alleging race-based discrimination and

---

   [*]    Robert A. McDonald has been substituted for his predecessor, Eric K. Shinseki, as Secretary of Veteran Affairs under Fed. R. App. P. 43(c)(2).

   [**]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   [***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

harassment and retaliation in violation of Title VII. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wood v. City of San Diego*, 678 F.3d 1075, 1080 (9th Cir. 2012) (dismissal for failure to state a claim); *Vasquez v. County of Los Angeles*, 349 F.3d 634, 639 (9th Cir. 2004) (summary judgment). We may affirm on any basis supported by the record, *Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1047 (9th Cir. 2009), and we affirm.

Summary judgment on Smith's discrimination claim was proper because Smith failed to raise a genuine dispute of material fact as to whether defendant transferred Smith to a different building and then terminated his employment on account of his race. *See Vasquez*, 349 F.3d at 640-42 & n.5 (listing elements of a prima facie case of discrimination, discussing "similarly situated" individuals requirement, and explaining that circumstantial evidence of pretext must be specific and substantial); *see also Pelletier v. Fed. Home Loan Bank of S.F.*, 968 F.2d 865, 872 (9th Cir. 1992) (to survive summary judgment, nonmovant "ordinarily must furnish affidavits containing admissible evidence tending to show the existence of a genuine dispute of material fact").

The district court properly dismissed Smith's disparate treatment claim based on his June 2008 transfer as time-barred because Smith failed to contact an Equal Employment Opportunity counselor within 45 days of the alleged adverse

action. *See* 29 C.F.R. § 1614.105(a)(1) ("An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action."); *see also Lyons v. England*, 307 F.3d 1092, 1105 (9th Cir. 2002) (failure to comply with this forty-five day requirement is "fatal to a federal employee's discrimination claim").

The district court properly dismissed Smith's hostile work environment claim because Smith failed to allege facts sufficient to show that the alleged conduct was sufficiently severe or pervasive to alter the conditions of his employment. *See Vasquez*, 349 F.3d at 642 (discussing the elements of a race-based hostile work environment claim).

The district court properly dismissed Smith's retaliation claim because Smith failed to allege facts sufficient to show that he was subjected to an adverse employment action because he reported race discrimination in the workplace. *See id*. at 646 (elements of a prima facie case of retaliation under Title VII).

All pending motions and requests are denied.

**AFFIRMED.**